# 13 CIV 4805

David B. Cetron [DC0919]
LAW OFFICE OF DAVID B. CETRON, P.C.
49 West 37th Street, 7th Floor
New York, New York 10018
212-616-3833

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X

AHMAD YARAGHI,

Plaintiff

- against -

CITY OF NEW YORK, POLICE OFFICER KENRI JOSEPH,
SHIELD 26574, and TRAFFIC AGENT CHARLEEN
MAHLUNG, SHIELD 03316

Defendants.

----------------------------------------------------------------------X

\_\_\_\_\_ CV _____

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

**ECF CASE**



RECEIVED
JUL 11 2013
U.S.D.C. S.D.
CASHIERS

## PARTIES, JURISDICTION and VENUE

1.      Plaintiff, AHMAD YARAGHI, is a 68 year old male, who, at all times relevant to this action, was a resident of Nassau County, New York.

2.      Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.   Defendant NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendant POLICE OFFICER KENRI JOSEPH, SHIELD 26574, was at all relevant times an officer with the NYPD assigned to the 13th Precinct located in New York County.  All actions by Defendant JOSEPH complained of herein were taken in the course of his employment and under color of law.  Defendant

JOSEPH is being sued in both his individual and official capacities.

4.      Upon information and belief, Defendant TRAFFIC AGENT CHARLEEN MAHLUNG, SHIELD 03316, was at all relevant times a uniformed traffic agent with the NYPD assigned to Civil Transit, T-102.  All actions by Defendant MAHLUNG complained of herein were taken in the course of her employment and under color of law.  Defendant MAHLUNG is being sued in both her individual and official capacities.

5.      Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7.      A Notice of Claim was timely served upon Defendant NYC on September 21, 2012, within ninety days of June 25, 2012, the statutory date of accrual for the State claims herein.

## FACTS GIVING RISE TO THE CLAIMS

8.      On June 25, 2012, at approximately 3:34 p.m., Mr. YARAGHI was present inside of 902 Broadway, New York, New York and had parked a vehicle across the street, in the vicinity of 907 Broadway.

9.      At that time, Mr. YARAGHI observed a Traffic Agent, later learned to be Defendant MAHLUNG, ticketing the vehicle.

10.     Mr. YARAGHI approached and spoke with Defendant MAHLUNG.

11.     Thereafter, Defendant MAHLUNG, issued "Notice of Parking Violation" summons number 785505070-0, and swore under penalty of perjury, in part, as follows: "[P]assanger [sic] hit me."

12.     A short time later, New York City Police Officers, including Defendant JOSEPH, arrived and at approximately 4:38 p.m., Defendant JOSEPH placed Mr. YARAGHI under arrest.

13.     On June 26, 2012, in New York County Criminal Court, Mr. YARAGHI was arraigned and released on his own recognizance, with directions to appear in court on September 4, 2012.

14.     At his arraignment, Mr. YARAGHI learned that in a Criminal Court Complaint sworn to by Defendant JOSEPH, he was charged with Obstructing Governmental Administration in the second degree and Harassment in the second degree based upon an allegation that: "when [Defendant MAHLUNG] issued [YARAGHI] a parking summons . . . . [Defendant MAHLUNG] observed [YARAGHI] push [Defendant MAHLUNG], by placing [YARAGHI's] hands on [Defendant MAHLUNG] and applying force, thereby attempting to prevent [Defendant MAHLUNG] from issuing said summons or additional summonses."

15.     On or about July 2, 2012, in a supporting deposition, Defendant MAHLUNG, swore under penalty of perjury to the truth of the allegations contained in the above referenced Criminal Court Complaint.

16.     Mr. YARAGHI was compelled to retain counsel to represent him in this matter and appeared in court on September 4, 2012, with directions to appear again on November 20, 2012.

17.     Prior to the November 20, 2012 court appearance, the New York County District Attorney's Office was provided with video recorded evidence capturing the entirety of the interaction between Mr. YARAGHI and Defendant MAHLUNG.

3

18.     The video footage conclusively and irrefutably showed that no physical contact whatsoever had occurred between Mr. YARAGHI and Defendant MAHLUNG.

19.     On November 20, 2012, Mr. YARAGHI appeared in court at which time all charges were dismissed by the New York County District Attorney's Office.

20.     Similarly, the summons described above at paragraph 11, was dismissed by the New York City Parking Violations Bureau.

**FIRST CLAIM**
(§1983 - FALSE ARREST)

21.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 20 of the Complaint as if incorporated and reiterated herein.

22.     By falsely accusing Plaintiff without legal authority and falsely swearing in support of these allegations, Defendant MAHLUNG, caused the arrest of Plaintiff and violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution

23.     By arresting Plaintiff without legal authority, Defendant JOSEPH violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

24.     By reason thereof, Defendants MAHLUNG and JOSEPH, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

4

## SECOND CLAIM
### (COMMON LAW - FALSE ARREST)

25.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 24 of the Complaint as if incorporated and reiterated herein.

26.     By falsely accusing Plaintiff without legal authority and falsely swearing in support of these allegations, Defendant MAHLUNG caused the arrest and unlawful detention of Plaintiff.

27.     By arresting Plaintiff without basis or legal authority, Plaintiff was unlawfully detained and arrested without probable cause by Defendant JOSEPH.

28.     By reason thereof, Defendants MAHLUNG AND JOSEPH caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

29.     By reason thereof, and because Defendants MAHLUNG and JOSEPH acted within the scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

## THIRD CLAIM
### (§1983 - MALICIOUS PROSECUTION)

30.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31.     By initiating and pursuing criminal charges where there was no basis for such charge, Defendants MAHLUNG and JOSEPH, engaged in a malicious prosecution of the

5

Plaintiff.

32.     By reason thereof, Defendants MAHLUNG and JOSEPH, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM
### (COMMON LAW - MALICIOUS PROSECUTION)

33.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 32 of the Complaint as if incorporated and reiterated herein.

34.     By initiating and pursuing criminal charges where there was no basis for such charges, Defendants MAHLUNG and JOSEPH, engaged in a malicious prosecution of the Plaintiff.

35.     By reason thereof, Defendants MAHLUNG and JOSEPH caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

36.     By reason thereof, and because Defendants MAHLUNG and JOSEPH, acted within the scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and,

vi)     Such other relief as the Court deems just and proper.


Dated: New York, New York
       July 10, 2013

                                        LAW OFFICE OF DAVID B. CETRON, P.C.
                                        Attorneys for Plaintiff

                        By:     David B. Cetron [DC0919]
                                49 West 37th Street, 7th Floor
                                New York, New York 10018
                                (212) 616-3833